T.C. Memo. 2006-108

UNITED STATES TAX COURT

MICHAEL FORBES DEHONEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3305-04.                    Filed May 16, 2006.

Michael Forbes Dehoney, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined a $743 deficiency in
income tax for petitioner's taxable year 2001.  After
concessions, the only issue remaining is whether petitioner is
entitled to deduct for taxable year 2001 certain legal expenses
that were paid in taxable year 2002.  Unless otherwise indicated,
all section references are to the Internal Revenue Code, as

amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of filing the petition in the instant case, petitioner was incarcerated in Bennettsville, South Carolina. During the year in issue, the South Carolina Department of Corrections (SCDC) had the following restriction on inmate correspondence:

> Inmates will be prohibited from receiving any financial statements that show a balance of funds and/or provide information on financial assets that may be available to the inmate (bank deposit books; checking, savings, or other fund statements, etc...), blank checks, checkbooks, or other negotiable instruments.

During October 2002, the restriction was amended to provide an exception for "year-end statements for the purpose of filing tax returns." During 2002, however, the Internal Revenue Service, Criminal Investigation, Columbia, South Carolina Office discovered that several inmates at the SCDC had promoted and prepared false tax returns resulting in more than $1 million in erroneously issued tax refunds. During January 2003, in response to that discovery, the SCDC declared blank Internal Revenue Service forms to be contraband and began reviewing incoming mail for Forms W-2 and 1099.

On March 8, 2002, petitioner filed a complaint in the Richland County, South Carolina, Court of Common Pleas seeking to permanently enjoin the SCDC from interfering with his receipt of

financial statements and tax forms.  Petitioner filed a similar action in the U.S. District Court, District of South Carolina, Columbia Division, on April 4, 2002.  Whether petitioner may deduct in taxable year 2001 the legal fees he incurred in filing those actions is the only issue remaining in the instant case.[1]

## Discussion

Individuals are allowed a deduction for ordinary and necessary expenses paid or incurred during the taxable year in connection with the determination, collection, or refund of any tax.  Sec. 212(3).  Cash method taxpayers may deduct expenses when they are actually paid.  Sec. 1.446-1(c)(1)(i), Income Tax Regs.

Respondent contends that petitioner's legal expenses are not properly deductible for taxable year 2001 because they were not paid in that year.  Petitioner contends the expenses are

[1]Petitioner did not receive several Forms 1099 because of the above-mentioned restrictions.  Nonetheless, petitioner timely filed his 2001 tax return based on the limited information he had received.  Respondent determined a $743 deficiency in tax for petitioner's taxable year 2001 and issued a notice of deficiency on Feb. 2, 2004.  Respondent conceded that petitioner was allowed certain deductions for expenses related to rental property petitioner owned.  Respondent did not allow, however, a deduction for $2,915 in legal fees associated with petitioner's lawsuits that were incurred during taxable year 2002.

At trial, petitioner asked the Court to order respondent to provide him with appropriate Federal income tax forms to allow him to file his tax returns.  Respondent has agreed to provide petitioner with the appropriate forms.  Accordingly, we do not address this issue.

deductible in 2001 because they were associated with his 2001 tax return.  We agree with respondent.  Petitioner incurred and paid the legal expenses in issue during his taxable year 2002. Accordingly, petitioner must deduct these expenses in the year paid, not in any prior year.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.